

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE TUCKER** | ) CIVIL ACTION NO. |
| | ) |
| **VERSUS** | ) SECTION: 07-5248 |
| | ) |
| **M/V SENANUR CEBI, IN REM, PEGAMAR SHIPPING & TRADE COMPANY, AND WEBER MARINE, INC.** | ) MAGISTRATE: SECT. J MAG. 5 |

## COMPLAINT

The complaint of Eddie Tucker, a person of the full age of majority and resident of the State of Mississippi, (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein are:

(A) GRANITE CONSTRUCTION COMPANY, a California business, licensed to and doing business in the State of Louisiana; and

(B) ARCHER WESTERN CONTRACTORS, a Georgia business, licensed to and doing business in the State of Louisiana.



1

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. Section 688 (the "Jones Act"), and the provisions of the general maritime law. Plaintiff designates this matter 9(h) claim under the Federal Rules of Civil Procedure, and hereby elects to proceed as a judge trial.

3.

At all material times, plaintiff Eddie Tucker, employed by Granite Construction and Archer Western Contractors as a Jones Act seaman aboard a vessel owned, operated, and/or controlled by Granite Construction and Archer Western Contractors.

4.

Around May 21, 2007, Eddie Tucker, was performing his duties as a seaman carpenter for his employer Granite Construction and Archer Western Contractors aboard a vessel owned by Granite Construction and Archer Western Contractors which was operated by Granite Construction and Archer Western Contractors

There was some metal "rebar" in the plaintiff's work area that had been negligently left out by other crew members from a previous work shift. There was an inadequately sized crane that caused excessive vibration in the area in which the rebar was located. The rebar shifted onto the walkway and caused plaintiff to trip.

The defendants did not take adequate measures to protect plaintiff from harm by failing to provide plaintiff with a safe place to work, failing to provide enough people for the work and tasks required, failing to provide the proper and necessary equipment for the job, and failing to provide a safe way to lift exceedingly heavy objects.

5.

Due to the unsafe condition of the vessel, its crew, and appurtances, the plaintiff suffered painful and severe personal injuries, including injuries to his back, shoulders, knees, and neck.

6.

The accident was caused by no fault of plaintiff and was caused solely by the negligence of defendants as more fully set forth herein.

7.

As a result of the above described incident, plaintiff, Eddie Tucker., suffered severe and painful personal injuries, more particularly injuries to his back, shoulders, knees, and neck.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendants Granite Construction and Archer Western Contractors.

9.

The casualties occurred as a direct and proximate result of the negligence of defendants in failing to provide adequate equipment aboard the vessel, ordering Mr. Tucker to work in unsafe conditions, ordering the plaintiff to perform work that posed danger to his physical well-being, as well as other acts of negligence which will also be proven at trial.

These acts of negligence render the defendants liable to plaintiff pursuant to 46 U.S.C. Section 688, and also pursuant to the general maritime law for negligence.

10.

Plaintiff's accident was caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff demands that defendants, Granite Construction and Archer Western Contractors, provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's current treating physician. Plaintiff demands that maintenance be instituted in the amount of $40.00 per day from the date of his injury.

12.

Plaintiff at all pertinent time conducted himself in a reasonable and prudent manner and the injuries and damages sustained by the plaintiff was caused solely by the negligence of the defendants Granite Construction and Archer Western Contractors, through their agents, servants and employees and the vessel, which are more particularly described as follows:

### NEGLIGENCE OF GRANITE CONSTRUCTION AND ARCHER WESTERN CONTRACTORS

1. Failing to properly train and/or supervise plaintiff and other employees;
2. Failure to provide adequate assistance and/or fellow employees;
3. Failing to act as a responsible person would act under the circumstances;
4. Failure to see what should have been seen or if it saw the same, failure to

act in accordance therewith;

5. Failure to exercise due care and caution;

6. Failure to avoid this accident;

7. Failing to provide plaintiff with a safe place to work;

8. Failing to provide the proper equipment for the job; and,

9. Other acts of omissions or commissions constituting negligence which may be proven upon the trial of this matter.

13.

In the further alternative, plaintiff, Eddie Tucker., reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

14.

As a result of the above-described negligence, Eddie Tucker, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Loss of future earning capacity;

f. Loss of fringe benefits;

g. Disfigurement and disability;

h. Loss of enjoyment of life;

i. Loss of personal property and personal belongings; and,

j. Other damages which shall be proven at trial.

15.

Plaintiff is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

16.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

WHEREFORE, plaintiff, Eddie Tucker, prays that the defendants, Granite Construction and Archer Western Contractors, be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against defendants, Granite Construction and Archer Western Contractors, in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/ Ronna Steele*

**RONNA STEELE (#20006) T.A.**
**ALARABY JOHNSON (#29606)**
3221 Behrman Place
Suite 105
New Orleans, LA 70114
Telephone (504) 366-3475
Fax: 504-361-4752
rsteele@usagulf.com
ajohnson@usagulf.com
Attorneys for Eddie Tucker